L. Scott Keehn (SBN 61691)
Lisa L. Keehn (SBN 167696)
**ROBBINS & KEEHN APC**
530 B Street, Suite 2400
San Diego, CA 92101
Telephone: (619) 232-1700

Attorneys for Debtor
**SARA NEWSOME BURNS**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:  ) | CASE NO. 99-33191-B7 |
| ) | |
| **SARA NEWSOME BURNS**, an individual,  ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)** |
| Debtor.  ) | |
| ) | |
| ) | Date:  1/31/00 |
| ) | Time:  10:30 a.m. |
| ) | Dept:  Four (4) |
| _____ ) | |

    SARA NEWSOME BURNS, the Debtor herein, respectfully submits the following Memorandum of Points and Authorities in support of her Motion To Avoid Judicial Lien Pursuant To 11 U.S.C. § 522(f):

**I.    INTRODUCTION**

    Sara Newsome Burns, the Debtor herein ("Debtor"), came into this case with her residence hopelessly over encumbered by virtue of a colossal and crippling judgment lien resulting from a breach of contract claim. No objection to her Homestead Claim (or any of her exemptions) was made, and her entitlement to a $50,000 Homestead Exemption is now fixed and final.[1] However the massive judgment lien remains ostensibly viable and fully enforceable in the records of the County Recorder, and will, absent avoidance pursuant to 11 U.S.C. § 522(f), render the Debtor's Homestead Exemption

---

[1] See Taylor v. Freeland & Kronz, et al., 503 U.S. 638, 693-645 (1992); and, In re Alderman (Alderman v. Wilson), 196 B.R. 106, 110 (9th Cir. BAP, 1998).

an illusory fiction incapable of nurturing her fresh start on that inevitable day when fortune and circumstance make moving from her current residence either necessary or desirable. Thus the avoidance powers of 11 U.S.C. § 522(f) are appropriately exercised here as an indispensable supplement to her discharge if a real fresh start is to be achieved.

## II. FACTUAL STATEMENT[2]

There is only one encumbrance that stands between the Debtor receiving the benefit of her declared homestead exemption and her fresh start: a judicial lien held by Bradley L. Proulx ("Proulx"). Thankfully, Congress was mindful of the fundamental remedial purposes of the bankruptcy code as it relates to individuals and specifically provided a debtor with the statutory authority to avoid judicial liens when they impair her or his exemption and thereby diminish the debtor's fresh start. 11 U.S.C. § 522(f). With those remedial purposes in mind, the Debtor moves this court to apply the avoidance power bestowed on this Debtor in 11 U.S.C. § 522(f) to avoid the judicial lien to the extent it impairs her declared homestead exemption.

The Debtor has resided in her residence located at 4621 & 4623 Kensington Drive in San Diego, California continually since February of 1997. The fair market value of the residence as of the petition date (8/13/99) is approximately $300,000.00. The property is subject to a first priority deed of trust lien held by Bank of America ("First Trust Deed") in the approximate amount of $141,880.00.

Western Family Financial Corp. holds the Second Priority Deed of Trust Lien ("Second Trust Deed") in the approximate amount of $11,604.00. The next recording in time is the Debtor's declared homestead.

The latest encumbrance on the property was recorded on November 6, 1998 when judgment creditor, Bradley L. Proulx, filed an "Abstract of Judgment" in the amount of $231,462.61, recorded in the Office of the County Recorder for the County of San Diego on November 6, 1998 as Recorder's File No. 98-0725547 (hereafter the "Judicial Lien"). The amount of the Abstract of Judgment is now approximately $282,830.00.

/ / / / /

---

[2] The facts set forth in this portion of the Memorandum are supported by the Declaration of Sara Newsome Burns filed concurrently herewith.

The following table is a reflection of all the liens that currently exist of record on the property and their approximate amounts as of the Petition date:

| ENCUMBRANCE | DATE RECORDED | AMOUNT |
|---|---|---|
| FIRST TRUST DEED<br>Bank of America | 7/20/98 | $141,880.00 |
| SECOND TRUST DEED<br>Western Family Financial Corp. | 4/14/97 | $11,604.00 |
| HOMESTEAD FILED | 10/02/98 | $50,000.00 |
| JUDICIAL LIEN<br>Bradley L. Proulx | 11/06/98 | $282,830.00 |

But for the Judicial Lien, the Debtor would receive the full benefit of her homestead exemption. Luckily, in such circumstances Congress has preserved the sanctity of the otherwise vulnerable homestead: if a judicial lien impairs the exemption, then it is avoidable. 11 U.S.C. § 522(f).

**III.    DISCUSSION**

    **A.    The Avoidance of the Judgment Lien Is Mandated by the Applicable Statutory Formula.**

11 U.S.C. § 522(f)(1)(A) permits a debtor to eradicate a judicial lien on her or his property to the extent that the lien impairs the debtor's exemption on that property. Specifically, Section 522(f)(1)(A) provides:

> ...the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is... a judicial lien...

The Debtor in this case bears "the burden of showing that she is entitled to avoid the lien." In re Pederson, 230 B.R. 158, 160 (9th Cir. BAP 1999). This showing is made by utilizing the "simple arithmetic test" articulated in Section 522(f)(2) which will demonstrate the extent to which the judgment lien impairs the Debtor's homestead. In re Hanger, 217 B.R. 592, 594 (9th Cir.BAP 1997).

/ / / / /

Section 522(f)(2)(A) provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Application of this formula to the facts of this case demonstrates that the Judicial Lien does in fact impair the Debtor's exemption:

*Sum of*:   $ 282,830.00 [the Judicial Lien]

   $ 153,484.00 [all other liens]

   $50,000.00 [homestead exemption amount]

   $ 486,314.00 > $300,000.00 [fair market value of home]

In this case, the sum of $ 486,314.00 exceeds the fair market value of the Debtor's house by $186,314.00; thus, the Judicial Lien impairs the exemption. *See e.g.*, In re Hanger, 217 B.R. at 595. Using the statutorily mandated formula, the extent of impairment is $186,314.00. Id. Thus, Proulx' Judicial Lien, the only lien available for application of 522(f)(1)(A), may be avoided up to $186,314.00 and Proulx retains a lien in the amount of $96,516.00 ($282,830.00-$186,314.00). Id.

**B.    The Impairment Formula Reflects a Congressionally Mandated Policy.**

The impairment formula discussed above has been mandated by Congress in its adoption of the 1994 Bankruptcy Amendments. Subsection (2)(A) was added to § 522 in the 1994 Bankruptcy Amendments to provide a bright-line standard through the use of a specific formula for determining whether a lien impairs an exemption to which the debtor would have been entitled. Congress specifically stated:

> "Because the Bankruptcy Code does not currently define the meaning of the words 'impair an exemption' in Section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption ..."

140 Cong. Rec. H. 10769 Section 303 (Oct. 4 1994).

Section 522(f)(2)(A) now provides that:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of - -
>
> (i)    the lien;
> (ii)   **all other liens on the property**; and
> (iii)  the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of **any liens**.

[Emphasis added.]

As shown above, the application of § 522(f)(2)(A) in this case results in the inescapable conclusion that the Judicial Lien impairs the Debtor's exemption by no less than $186,314.00. Thus, the Judicial Lien impairs the exemption and may be avoided to the extent of that impairment. See, e.g., In re Hanger, 217 B.R. 592, 595 (9th Cir. BAP 1997). Thus, Proulx' Judicial Lien may be avoided up to $186,314 and Proulx retains a lien in the amount of $96,516 ($282,830-$186,314). Id. at 595-596. The application of this formula is straightforward. It requires the avoidance of the Judicial Lien to the extent necessary to reduce the sum of all liens plus the allowed Homestead Exemption to a total which is equal to the fair-market value of the property as of the Petition date (Hanger, supra at 595-596; In re Morgan (Morgan v. FDIC), 149 B.R. 147, 153 (9th Cir. BAP, 1993) citing In re Herman, 120 B.R. 127, 130 (9th Cir. BAP, 1990) [value and avoidance determinations are made as of the petition date]).

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

63550/LFK/4878.01

## IV. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order establishing Proulx' Judicial Lien be avoided up to $186,314.00 thereby reducing his lien to $96,516.00 and providing the Debtor with the benefit of her homestead exemption.

Dated: 12-23-99

ROBBINS & KEEHN
A Professional Corporation

By: /s/ L. Scott Keehn
L. Scott Keehn
Lisa L. Keehn
Attorneys for Debtor, **SARA NEWSOME BURNS**

63550/LFK/4878.01