**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (State Bar No. 143143)
2139 First Avenue
San Diego, California 92101
(619) 557-9420/Fax (619) 557-9425

Attorneys for Secured Creditor PROULX

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:

SARA NEWSOME BURNS,

          Debtor.

) BANKRUPTCY CASE NO: 99-33191-B7
)
) **DECLARATION IN SUPPORT OF**
) **OPPOSITION TO DEBTOR'S OBJECTION**
) **AND MOTION TO AVOID JUDICIAL LIEN**
) **PURSUANT TO 11 U.S.C. §523(f)**
)
) DATE:      1/31/00
) TIME:      10:30 a.m.
) CTRM:      4
) JUDGE:    Peter W. Bowie

I, Bryan D. Sampson, declare:

1.      I am an attorney licensed to practice law in the State of California and before this Court. I am also the attorney of record for Secured Creditor BRADLEY PROULX in the above entitled action.

2.      If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

3.      Attached hereto as Exhibit "1" is a true and correct copy of the California State Court's judgment against Debtor BURNS.

4.      Attached hereto as Exhibit "2" are true and correct copies of liens recorded against Debtor's assets, i.e. the Abstract of Judgment recorded against Debtor's real property in San Diego County and the Secretary of State Lien on Debtor's personal property.

5.      Attached hereto as Exhibit "3" is a true and correct copy of Creditor's Turnover Order on Debtor's Federal *Qui Tam* monies.

6.    Attached hereto as Exhibit "4" is a true and correct copy of Creditor PROULX's Lien recorded against Defendants' federal court monetary award.

7.    Attached hereto as Exhibit "5" is a true and correct copy of Debtor's BURNS' Chapter 13 petition filed on January 25, 1999.

8.    Attached hereto as Exhibit "6" is a true and correct copy of the Chapter 13 dismissal.

9.    Attached hereto as Exhibit "7" is a true and correct copy of the Southern District Bankruptcy Court's order denying Debtor BURNS' Motion for Stay Pending Appeal.

10.    Attached hereto as Exhibit "8" is a true and correct copy the Ninth Circuit Bankruptcy Appellate Panel's order denying Debtor BURNS' Motion for Stay Pending Appeal.

11.    Attached hereto as Exhibit "9" is a true and correct copy of Debtor BURNS' Notice of Filing of Bankruptcy Court Order From Which Appeal is Being Taken .

12.    This bankruptcy (as well as a prior Chapter 13 Bankruptcy, Bankruptcy Appeal, State Judgment and State Appeal) involves a one-creditor State Court dispute between Debtor BURNS and Creditor PROULX. On October 30, 1998, Creditor PROULX obtained a judgment against Debtor BURNS. The Judgment expressly granted Creditor PROULX  a portion of Debtor's *Qui Tam* settlement with the United States Government in the amount of $193,333.33 plus $22,267.50 together with interest thereon from July 29, 1991 at the rate of 10% per annum.

13.    Creditor PROULX then, through my office, secured the Judgment with an Abstract of Judgment, a Secretary of State Lien, levy and a Lien on the Federal Action, which liens were filed and perfected more than 90 days before the date of this Chapter 7 petition. Presently,  the amount owed by Debtor BURNS on the judgment exceeds $240,000.

14.    Following entry of the judgment, Debtor BURNS refused to pay any monies whatsoever to Creditor PROULX.  Her conduct throughout the various court actions has been to file repeated, frivolous pleadings and to thereby recklessly increase the litigation in this matter, and completely ignore the current state of the law.

///

-2-

1        15.      Because of Debtor BURNS' "amnesia" during a post-judgment debtor's

2    examination, secretion of assets, and refusal to obey a State Court Turnover Order, Creditor

3    PROULX was forced to undertake numerous post-judgment actions to recover monies from

4    October 30, 1998 through today, including, but were not limited to:

5        •    Filing and serving liens in the Federal Court Action;
         •    Bringing a Turnover Motion in Federal Court;
6        •    Obtaining a Turnover Order and serving Debtor;
         •    Filing and obtaining an Assignment Motion;
7        •    Obtaining a Restraining Order on the *Qui Tam* monies;
         •    Filing an Objection to a frivolous Exemption Claim;
8        •    Levying on the final payment due Appellant;
         •    Obtaining a Restraining Order on Appellant's Rental Income;
9        •    Incurring costs to investigate and locate Appellant's assets;
         •    Objecting to Debtor's Chapter 13; and
10       •    Obtaining an Order to Dismiss Debtor's Chapter 13.

11       16.      This Chapter 7appears to be part of Debtor BURNS' continuing efforts to

12   unabashedly avail herself of bankruptcy's automatic stay to deny Creditor PROULX as much

13   monies as she possibly can.  Debtor BURNS has already dissipated over $450,000 of the Qui

14   Tam  settlement  monies  from  the  United  States  government  without  providing  any

15   documentary evidence of the current whereabouts of that money.  Now, Debtor BURNS is

16   trying to improperly, and without adequate evidence,  reduce Creditor PROULX's liens against

17   her real property.

18       I declare under the penalty of perjury under Federal Laws that the foregoing is true and

19   correct.  This declaration is executed this 10th day of January, 2000, at San Diego, California.

20                                                          _____
                                                            Bryan D. Sampson
21

22

23

24

25

26

27

28

                                        - 3 -