1   L. Scott Keehn (SBN 61691)
    Lynn M. Beekman (SBN 149325)
2   Lisa L. Keehn (SBN 167696)
    **ROBBINS & KEEHN APC**
3   530 B Street, Suite 2400
    San Diego, CA 92101
4   Telephone: (619) 232-1700

5   Attorneys for Debtor
    **SARA NEWSOME BURNS**

6

7

8           **UNITED STATES BANKRUPTCY COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10  In Re:                                  )   **CASE NO. 99-33191-B7**
                                            )
11  **SARA NEWSOME BURNS**, an individual,  )   **ERRATA TO:**
                                            )
12          Debtor.                         )   **MEMORANDUM OF POINTS AND**
                                            )   **AUTHORITIES IN SUPPORT OF MOTION**
13                                          )   **TO AVOID JUDICIAL LIEN PURSUANT**
                                            )   **TO 11 U.S.C. § 522(f)  filed 12/23/99**
14                                          )
                                            )
15                                          )   Date:   April 10, 2000
                                            )   Time:   10:30 a.m.
16  _____ )   Dept:   Four (4)

17

18          To the Court, Creditor Bradley L. Proulx and whom ever else it may concern:

19          Sara Newsome Burns, Debtor herein, hereby files an errata to the "Memorandum Of Points

20  And Authorities In Support Of Motion To Avoid Judicial Lien Pursuant To 11 U.S.C. §522(f)"

21  (hereafter "Memorandum") she filed in this case on December 23, 1999, the hearing upon which is

22  scheduled to be heard on April 10, 2000 in Department 4 of the above referenced court.

23          The amount of Sara Newsome Burns' homestead exemption was erroneously set forth in the

24  Memorandum as $50,000 when she is entitled to a $125,000 exemption pursuant to CCP

25  §704.730(a)(3)(B).  Schedule C of her Schedules was amended to reflect the correct exemption

26  amount of $125,000 on March 14, 2000.  A true and correct copy of that Amendment is attached

27  hereto as **Exhibit "A."**   Attached hereto as **Exhibit "B"** is the "Restated Memorandum Of Points

28  And Authorities In Support Of Motion To Avoid Judicial Lien Pursuant To 11 U.S.C.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

# ORIGINAL



66350/LMB/4878.01

1  §522(f)"("Restated Memorandum") which is exactly like the Memorandum in every regard except that

2  wherever the homestead exemption is referenced as $50,000 it has been corrected to the proper

3  exemption amount of $125,000.  For ease of reference Exhibit "B" is a red-lined version of the

4  Restated Memorandum.

5

6  Dated: 03-21-00

                             **ROBBINS & KEEHN**
                             A Professional Corporation

7

8

9  By: _____

10        L. Scott Keehn
       Lynn M. Beekman

11        Lisa L. Keehn
       Attorneys for Debtor
       Sara Newsome Burns

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

66350/LMB/4878.01

CSD 1100 [06/19/97]
Name, Address, Telephone No. & I.D. No.
L. Scott Keehn (SBN 61691)
Charles F. Robbins (SBN 132666)
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400
San Diego, CA 92101
(619) 232-1700
Attorneys for SARA NEWSOME BURNS

FILED

00 MAR 14 PM 3: 08

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re: SARA NEWSOME BURNS

Debtor.

BANKRUPTCY NO. 99-33191-B7

## AMENDMENT

Presented herewith are the original and one conformed copy of the following [Check one or more boxes as appropriate]:

[ ]  Petition

[ ]  Summary of Schedules

[ ]  Schedule A & B - Schedule of Real or Personal Property

[X]  Schedule C - Schedule of Property Claimed Exempt

[ ]  Schedule D, E, or F, and/or Matrix, and/or list of Creditors or Equity Holders - REQUIRES COMPLIANCE WITH LOCAL RULE 1009

    [ ]  Adding new names or changing addresses - $20.00 fee required.  See instructions on reverse side.

    [ ]  Correcting or deleting other information.  See instructions on reverse side.

[ ]  Schedule G - Schedule of Executory Contracts & Expired Leases

[ ]  Schedule H - Schedule of Co-Debtor

[ ]  Schedule I - Current Income of Individual Debtor(s)

[ ]  Schedule J - Current Expenditure of Individual Debtor(s)

[ ]  Statement of Financial Affairs

Dated: 3/14/00

Signature _____
Attorney for Debtor

## DECLARATION OF DEBTOR

I, SARA NEWSOME BURNS, the debtor herein, hereby declare under penalty of perjury that the information set forth in the amendment attached hereto, consisting of ____ pages, is true and correct to the best of my information and belief.

Dated: 3/10/00

_____
Sara Newsome Burns

EXHIBIT A    COPY

CSD 1100  (RECEIPT NO._____)    **REFER TO INSTRUCTIONS ON REVERSE SIDE**

CSD.1100 (Page 2) [06/19/97]

## INSTRUCTIONS

A.  Each amended page is to be in the same form as the original but is to contain ONLY THE INFORMATION TO BE CHANGED OR ADDED. Pages from the original document which are not affected by the change are not to be attached.
   1.  Before each entry, specify the purpose of the amendment by inserting:
       A.  "ADDED," if the information was missing from the previous document filed; or
       B.  "CORRECTED," if the information modifies previously listed information; or
       C.  "DELETED," if previously listed information is to be removed.
   2.  At the bottom of each page, insert the word "AMENDED."
   3.  Attach all pages to the cover page and, *if a Chapter 7, 11, or 12 case*, serve a copy on the United States Trustee, trustee (if any) and/or the members of a creditors' committee. *If a Chapter 13 case*, serve a copy on the trustee; DO NOT serve a copy on the United States Trustee.
B.  When adding, deleting, or correcting creditor address information, the required mailing list and a Verification of Creditor Matrix, (CSD 1008), must accompany the amendment. The Verification is a separate document. Do not staple it to this Amendment.
C.  Comply with Local Bankruptcy Rule 1009 when adding or correcting the names and/or addresses of creditors or if altering the status or amount of a claim.

### AMENDMENTS THAT FAIL TO FOLLOW THESE INSTRUCTIONS MAY BE REFUSED
### ** AMENDMENTS FILED AFTER THE CASE IS CLOSED ARE NOT ENTITLED TO A REFUND OF FEES **

=================================================================================

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on __14__ day of MARCH 2000, I served a true copy of the within AMENDMENT by [describe here mode of service]

### FIRST CLASS MAIL

on the following persons [set forth name and address of each person served] and as checked below:

[XX]  Chpt. 7 Trustee:

**RICHARD M. KIPPERMAN**
**P. O. BOX 3939**
**LA MESA, CA 91944-3939**

### SEE ATTACHED SERVICE LIST

| [XX] For Chpt. 7, 11, & 12 cases:<br>UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | [xx] For Chpt. 13 cases numbered<br>90-08445 or lower and ODD<br>numbers beginning with 92-01217:<br>THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite 1500<br>San Diego, CA 92101 | [ ] For Chpt. 13 cases numbered<br>90-08446 to 92-01215 and EVEN<br>numbers beginning with 92-01216:<br>DAVID L. SKELTON, TRUSTEE<br>620 "C" Street, Suite 413<br>San Diego, CA 92101-5312 |
|---|---|---|

I certify under penalty of perjury that the foregoing is true and correct.

Executed on __3-14-00__ (Date)

Jaime L. Gregory (Typed Name and Signature)

530 B STREET, SUITE 2400 (Address)

SAN DIEGO, CA 92101 (City, State, ZIP Code)

CSD 1100/66050

**EXHIBIT A**

In Re  SARA NEWSOME I   ᴜɴS                              CASE NO.  99-33191-B7

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which the debtor is entitled under:

**(Check one box)**

[   ] 11 U.S.C. Section 522(b)(1):  Exemptions provided in 11 U.S.C. Section 522(d).  Note:  These exemptions
          are available only in certain states.

[ X ] 11 U.S.C. Section 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or
          local law where the debtor's domicile has been located for the 180 days
          immediately preceding the filing of the petition, or for a longer portion of the
          180-day period than in any other place, and the debtor's interest as a tenant by
          entirety or joint tenant to the extent the interest is exempt from process under
          applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION[1] | VALUE OF CLAIMED EXEMPTION[2] | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Residence | 704.730(a)(3)(B) | AMENDED: $125,000.00 | $290,000.00 |

Schedule C - Property Claimed as Exempt - Page 1    AMENDED    EXHIBIT A    66033-1.xls

## SERVICE LIST

Appel, John G.
402 W. Broadway, Suite 400
San Diego, CA  92101

Bank America
P. O. Box 59104
Las Vegas, NV  89159-1004

Byan D. Sampson, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101

Gary B. Rudolph, Esq.
Sparber, Ferguson, Ponder & Ry
701 "B" Street, Suite 1000
San Diego, CA  92101

Heine, Elaine
110 West C Street
San Diego, CA  92101

Proulx, Bradley
c/o Bryan Sampson
2139 First Avenue
San Diego, CA  92101

Rubean, Francine
4623 Kensington Drive
San Diego, CA  92116

Seitman, John
Lindley, Lazar & Scales
550 C Street, Suite 1800
San Diego, CA  92101

U. S. Department of Education
P. O. Box 746000
Atlanta, GA  30374-6000

**EXHIBIT  A**

Visa
Bank Card Services
P. O. Box 53132
Phoenix, AZ  85072-3132

Western Family Financial
P. O. Box 8000
Carlsbad, CA  92018-8000

Richard M. Kipperman
P. O. Box 3939
La Mesa, CA 91944-3939

United States Trustee
402 W. Broadway, Suite 600
San Diego, CA 92101

**EXHIBIT A**

1  L. Scott Keehn (SBN 61691)
   Lynn M. Beekman (SBN 149325)
2  Lisa L. Keehn (SBN 167696)
   **ROBBINS & KEEHN APC**
3  530 B Street, Suite 2400
   San Diego, CA 92101
4  Telephone: (619) 232-1700

5  Attorneys for Debtor
   **SARA NEWSOME BURNS**

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10  In Re:                                )  **CASE NO. 99-33191-B7**
                                          )
11  **SARA NEWSOME BURNS**, an individual, )  **RESTATED MEMORANDUM OF POINTS**
                                          )  **AND AUTHORITIES IN SUPPORT OF**
12      Debtor.                           )  **MOTION TO AVOID JUDICIAL LIEN**
                                          )  **PURSUANT TO 11 U.S.C. § 522(f)**
13                                        )
                                          )
14                                        )  Date:  April 10, 2000
                                          )  Time:  10:30 a.m.
15                                        )  Dept:  Four (4)
                                          )
16  _____)

17         SARA NEWSOME BURNS, the Debtor herein, respectfully submits the following

18  Memorandum of Points and Authorities in support of her Motion To Avoid Judicial Lien Pursuant To

19  11 U.S.C. § 522(f):

20  **I.    INTRODUCTION**

21         Sara Newsome Burns, the Debtor herein ("Debtor"), came into this case with her residence

22  hopelessly over encumbered by virtue of a colossal and crippling judgment lien resulting from a

23  breach of contract claim. No objection to her Homestead Claim (or any of her exemptions) was made,

24  and her entitlement to a $125,000 $50,000 Homestead Exemption is now fixed and final.[1] However

25  the massive judgment lien remains ostensibly viable and fully enforceable in the records of the County

26  Recorder, and will, absent avoidance pursuant to 11 U.S.C. § 522(f), render the Debtor's Homestead

27

28         [1]   See CCP §704.730(a)(3)(B); Taylor v. Freeland & Kronz, et al., 503 U.S. 638, 693-645 (1992); and,
           In re Alderman (Alderman v. Wilson), 196 B.R. 106, 110 (9th Cir. BAP, 1998).

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

**EXHIBIT    B**

1    Exemption an illusory fiction incapable of nurturing her fresh start on that inevitable day when fortune

2    and circumstance make moving from her current residence either necessary or desirable. Thus the

3    avoidance powers of 11 U.S.C. § 522(f) are appropriately exercised here as an indispensable

4    supplement to her discharge if a real fresh start is to be achieved.

5    **II.    FACTUAL STATEMENT**[2]

6         There is only one encumbrance that stands between the Debtor receiving the benefit of her

7    declared homestead exemption and her fresh start: a judicial lien held by Bradley L. Proulx ("Proulx").

8    Thankfully, Congress was mindful of the fundamental remedial purposes of the bankruptcy code as

9    it relates to individuals and specifically provided a debtor with the statutory authority to avoid judicial

10   liens when they impair her or his exemption and thereby diminish the debtor's fresh start. 11 U.S.C.

11   § 522(f). With those remedial purposes in mind, the Debtor moves this court to apply the avoidance

12   power bestowed on this Debtor in 11 U.S.C. § 522(f) to avoid the judicial lien to the extent it impairs

13   her declared homestead exemption.

14        The Debtor has resided in her residence located at 4621 & 4623 Kensington Drive in San

15   Diego, California continually since February of 1997. The fair market value of the residence as of the

16   petition date (8/13/99) is approximately $300,000.00. The property is subject to a first priority deed

17   of trust lien held by Bank of America ("First Trust Deed") in the approximate amount of $141,880.00.

18        Western Family Financial Corp. holds the Second Priority Deed of Trust Lien ("Second Trust

19   Deed") in the approximate amount of $11,604.00. The next recording in time is the Debtor's

20   declared homestead.

21        The latest encumbrance on the property was recorded on November 6, 1998 when judgment

22   creditor, Bradley L. Proulx, filed an "Abstract of Judgment" in the amount of $231,462.61, recorded

23   in the Office of the County Recorder for the County of San Diego on November 6, 1998 as Recorder's

24   File No. 98-0725547 (hereafter the "Judicial Lien"). The amount of the Abstract of Judgment is now

25   approximately $282,830.00.

26   / / / / /

27   _____

28        [2]    The facts set forth in this portion of the Memorandum are supported by the Declaration of
     Sara Newsome Burns filed concurrently herewith.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

**EXHIBIT B**

66349/LMB/4878.01

1  The following table is a reflection of all the liens that currently exist of record on the property
2  and their approximate amounts as of the Petition date:

| ENCUMBRANCE | DATE RECORDED | AMOUNT |
|---|---|---|
| FIRST TRUST DEED<br>Bank of America | 7/20/98 | $141,880.00 |
| SECOND TRUST DEED<br>Western Family Financial Corp. | 4/14/97 | $11,604.00 |
| HOMESTEAD FILED | 10/02/98 | ~~$50,000.00~~ $125,000.00 |
| JUDICIAL LIEN<br>Bradley L. Proulx | 11/06/98 | $282,830.00 |

11  But for the Judicial Lien, the Debtor would receive the full benefit of her homestead
12  exemption. Luckily, in such circumstances Congress has preserved the sanctity of the otherwise
13  vulnerable homestead: if a judicial lien impairs the exemption, then it is avoidable. 11 U.S.C.
14  § 522(f).

15  **III.   DISCUSSION**

16  **A.   The Avoidance of the Judgment Lien Is Mandated by the Applicable Statutory**
17  **Formula.**

18  11 U.S.C. § 522(f)(1)(A) permits a debtor to eradicate a judicial lien on her or his
19  property to the extent that the lien impairs the debtor's exemption on that property. Specifically,
20  Section 522(f)(1)(A) provides:

21  ...the debtor may avoid the fixing of a lien on an interest of the debtor
   in property to the extent that such lien impairs an exemption to which
22  the debtor would have been entitled under subsection (b) of this
   section, if such lien is... a judicial lien...
23

24  The Debtor in this case bears "the burden of showing that she is entitled to avoid the lien." In re
25  Pederson, 230 B.R. 158, 160 (9th Cir. BAP 1999). This showing is made by utilizing the "simple
26  arithmetic test" articulated in Section 522(f)(2) which will demonstrate the extent to which the
27  judgment lien impairs the Debtor's homestead. In re Hanger, 217 B.R. 592, 594 (9th Cir.BAP 1997).
28  / / / / /

ROBBINS & KEEHN, APC<br>ATTORNEYS AT LAW<br>2400 UNION BANK BUILDING · 530 "B" STREET<br>SAN DIEGO, CALIFORNIA 92101<br>TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9995

EXHIBIT **B**

- 3 -

66349/LMB/4878.01

Section 522(f)(2)(A) provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Application of this formula to the facts of this case demonstrates that the Judicial Lien does in fact impair the Debtor's exemption:

*Sum of*:    $ 282,830.00 [the Judicial Lien]

$ 153,484.00 [all other liens]

$125,000.00 $50,000.00 [homestead exemption amount pursuant to CCP §704.730(a)(3)(B)]

$561,314.00 $486,314.00 > $300,000.00 [fair market value of home]

In this case, the sum of $561,314.00 $486,314.00 exceeds the fair market value of the Debtor's house by $261,314.00 $186,314.00; thus, the Judicial Lien impairs the exemption. *See e.g.*, In re Hanger, 217 B.R. at 595.

Using the statutorily mandated formula, the extent of impairment is $261,314.00 $186,314.00. Id. Thus, Proulx' Judicial Lien, the only lien available for application of 522(f)(1)(A), may be avoided up to $261,314.00 $186,314.00 and Proulx retains a lien in the amount of $21,516.00 $96,516.00 ($282,830.00-$261,314.00 $186,314.00). Id.

**B.    The Impairment Formula Reflects a Congressionally Mandated Policy.**

The impairment formula discussed above has been mandated by Congress in its adoption of the 1994 Bankruptcy Amendments. Subsection (2)(A) was added to § 522 in the 1994 Bankruptcy Amendments to provide a bright-line standard through the use of a specific formula for determining whether a lien impairs an exemption to which the debtor would have been entitled. Congress specifically stated:

> "Because the Bankruptcy Code does not currently define the meaning of the words 'impair an exemption' in Section 522(f), several court decisions have, in recent years, reached results that were not intended

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

**EXHIBIT B**

66349/LMB/4878.01

1    by Congress when it drafted the Code. This amendment would provide
2    a simple arithmetic test to determine whether a lien impairs an
     exemption ..."

3    140 Cong. Rec. H. 10769 Section 303 (Oct. 4 1994).

4    Section 522(f)(2)(A) now provides that:

5    For the purposes of this subsection, a lien shall be considered to impair
     an exemption to the extent that the sum of - -
6
7    (i)     the lien;
     (ii)    **all other liens on the property**; and
8    (iii)   the amount of the exemption that the debtor could claim if there were no liens
             on the property;

9    exceeds the value that the debtor's interest in the property would have in the absence
     of **any liens**.
10

11   [Emphasis added.]

12        As shown above, the application of  § 522(f)(2)(A) in this case results in the

13   inescapable conclusion that the Judicial Lien impairs the Debtor's exemption by no less than

14   $186,314.00. Thus, the Judicial Lien impairs the exemption and may be avoided to the extent of that

15   impairment. See, e.g., In re Hanger, 217 B.R. 592, 595 (9th Cir. BAP 1997). Thus, Proulx' Judicial

16   Lien may be avoided up to $186,314 and Proulx retains a lien in the amount of $96,516 ($282,830-

17   $186,314). Id. at 595-596. The application of this formula is straightforward. It requires the

18   avoidance of the Judicial Lien to the extent necessary to reduce the sum of all liens plus the allowed

19   Homestead Exemption to a total which is equal to the fair-market value of the property as of the

20   Petition date (Hanger, supra at 595-596; In re Morgan (Morgan v. FDIC), 149 B.R. 147, 153 (9th Cir.

21   BAP, 1993) citing In re Herman, 120 B.R. 127, 130 (9th Cir. BAP, 1990) [value and avoidance

22   determinations are made as of the petition date]).

23   / / / / /
24   / / / / /
25   / / / / /
26   / / / / /
27   / / / / /
28   / / / / /

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

EXHIBIT  **B**

- 5 -

66349/LMB/4878.01

## IV.    CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order establishing Proulx' Judicial Lien be avoided up to $261,314.00 ~~$186,314.00~~ thereby reducing his lien to $21,516.00 ~~$96,516.00~~ and providing the Debtor with the benefit of her homestead exemption.

Dated: 3/21/00

ROBBINS & KEEHN
A Professional Corporation

By: _____
L. Scott Keehn
Lynn M. Beekman
Lisa L. Keehn
Attorneys for Debtor
Sara Newsome Burns

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

EXHIBIT B

- 6 -

66349/LMB/4878.01