SAMPSON & ASSOCIATES
Bryan D. Sampson, Esq. (#143143)
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 / Fax (619) 557-9425

Attorneys for Creditor Bradley Proulx

FILED
LODGED
RECEIVED

APR 13 2000

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA    99 33191

| | |
|---|---|
| In Re: | CASE NO.: ~~99-32816~~-H13 |
| SARA NEWSOME BURNS, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S AMENDED EXEMPTION CLAIM |
| Debtor. | Date: 05/30/00<br>Time: 11:00 a.m.<br>Ctrm: 4<br>Hon. Peter W. Bowie |

Creditor Proulx hereby submits the following facts and law in Support of his Objection to Debtor's Amended Exemption.

### SUMMARY OF ARGUMENT

Debtor Burns filed a Chapter 7 Bankruptcy on August 13, 1999, after her Chapter 13 action was dismissed and after she disobeyed several state post-judgment orders to deliver monies and documents to Creditor. In this action, Debtor listed her homestead exemption at $50,000, then increased the exemption to $125,000 after she was forced to produce records verifying she overstated liens on her objection to Creditor's lien. Thus, Creditor opposes Debtor's Amended Exemption because: (1) Debtor is employed and/or employable and does not qualify for the increase; and (2) Debtor has acted in bad faith.

**FACTUAL BACKGROUND**

Creditor and Debtor entered into a 30% contingent fee contract wherein Creditor agreed to provide investigative services to Debtor to assist Debtor with a *"whistle blower"* claim she made against her employer. As a result of Creditor's services, Debtor prevailed in a *qui tam* action and was awarded $580,000. Unfortunately, she refused to pay anything to Creditor. Therefore, Creditor sued her and won a judgment for $231,462.61. See Exhibits "1 & 2."

Following entry of judgment, Creditor filed liens, obtained a Restraining Order, obtained a Turnover Order for funds, filed an Assignment Motion, and deposed Debtor. In response, Debtor threatened bankruptcy and refused to deliver any records or funds. Instead, she attempted to receive payment from her claim without notice to Creditor. See attached Declaration of Bryan D. Sampson.

Next, she filed a Chapter 13 Bankruptcy to avoid the state court actions. In the Chapter 13 action, the Bankruptcy Court froze approximately $150,000 in cash (subject to Creditor's State Court liens) held by the Debtor which she initially did not disclose to the Court. In fact the monies are still frozen pursuant to that Order. Ultimately, the Chapter 13 was dismissed because Debtor did not qualify due to too many unsecured creditor claims. See attached Declaration of Bryan D. Sampson.

Debtor filed this Chapter 7 to avoid Creditor's claim. In the process, she objected to Creditor's lien on her house and overstated amounts of two lien holders. Creditor opposed the Objection and reduced the priority liens after obtaining lender records. In retaliation, Debtor filed an amended exemption claim, all of which will be heard at this hearing. See Court Records.

2

Evidence supporting Creditor's belief that Debtor filed her Amended Exemption claim in bad faith, and does not even qualify for the increased exemption, is not entirely available at this time. However, Creditor is informed that Debtor is not "*disabled*", and therefore not entitled to the increased exemption, because:

- The Judgment involves her employment (Exhibit "1");
- She admits in her deposition she works (Exhibit "3");
- She is still working as a bookkeeper; and
- She is employable as a bookkeeper.

See attached Declaration of Bryan D. Sampson.

**LEGAL ARGUMENT**

**1.   Debtor Is Not Entitled to A $125,000 Exemption.**

Creditor may object to Debtor's amended exemption within thirty (30) days from the date of filing, i.e. on March 14, 2000. Thus, Creditor's objection is timely. Bankruptcy rule 4003(b).

Under 11 U.S.C. §522(b), exemptions are determined as of the date of filing. See also Amstone v. Peninsula Fire Ins. Co., 226 Cal. App. 3d 1019 (1991). Further, under §522, state court exemptions apply in this case given Debtor's claimed exemptions and her amended exemptions. Thus, California Code of Civil Procedure §704.730 states:

> " (a)(3) $125,000 If the Judgment Debtor or spouse of the Judgment Debtor who resides in the homestead is at the time of the attempted sale of the homestead any one of the following:
>
> (B)  A person physically or mentally disabled and as a result of that disability is unable to engage in substantial gainful employment. There is rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under Title XVI of the Federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment."

On the date of the petition, Debtor lists in Schedule I that she was receiving $735.00 per month for disability. Therefore, Creditor admits that the burden is now shifted to the Creditor under Bankruptcy Rule 4003 and California Code of Civil Procedure §704.730, to show that she was employed or employable.

Here, Debtor Burns has a history of being employed as a bookkeeper. She admitted to performing bookkeeper services in her deposition in the state court action. See Exhibit "3." Moreover, she has continued providing bookkeeper services to various medical facilities after that date and through the date of the petition in this action. See attached Declaration of Bryan D. Sampson.

Unfortunately, Creditor cannot produce documentary evidence proving Debtor was working under the very short time line required after the amended schedules (30 days) until subpoena responses are provided by third parties. Therefore, Creditor requests the court allow it to submit the documentary evidence at or before the hearing on this matter because:

(1) Debtor refused to provide a two week extension to Creditor, despite Creditor's reasonable request, to allow time to complete this discovery;

(2) Debtor would not be harmed by any such extension because she already provided an extension to the Trustee until May 31, 2000 for similar objections and a two week extension would still preserve the May 30 hearing date;

(3) The court already indicated to both parties at the last hearing 10:30 a.m. on Monday April 10, 2000, that an extension may be needed to allow discovery.

See Court records and attached Declaration of Bryan D. Sampson.

4

2.  **Debtor's Amended Exemption Claim is Made in Bad Faith**.

In addition, Creditor asserts that Debtor's amended exemption claim is made in bad faith and may be denied by this court. See Matter of Williamson, 804 F.2d 1355 (5th Cir. 1986) [Court may deny permission to amend an exemption if it is made in bad faith or causes undue prejudice].

As discussed above, Debtor's entire pattern of conduct throughout the State action, the Federal action and both bankruptcies has been less than "good faith." In state court she refused to obey a Turnover Order, a Restraining Order, and to disclose the location of her monies. In the Federal Court action she attempted to evade a Lien on the final $150,000 payment by demanding early payment. She then filed a Chapter 13 Bankruptcy, even though she did not qualify, and failed to disclose $150,000 held by her attorney for her. Finally, in the Chapter 7 Bankruptcy, she amended her schedule only after she was caught listing over-stated lien amounts on two priority voluntary lien holder claims (the 1st and 2nd Trust Deeds). See attached Declaration of Bryan D. Sampson.

**CONCLUSION**

Based upon the foregoing, Creditor respectfully requests this Court sustain Creditor's Objection and deny Debtor's Amended Exemption Claim.

DATED: April 13, 2000

SAMPSON & ASSOCIATES

By: _____
Attorneys for Creditor Bradley Proulx

5