FILED
ENTERED
LODGED
RECEIVED

MAY 0 1 2000

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

L. Scott Keehn (SBN 61691)
Lisa L. Keehn (SBN 167696)
**ROBBINS & KEEHN APC**
530 B Street, Suite 2400
San Diego, CA 92101
Telephone: (619) 232-1700

Attorneys for Debtor
**SARA NEWSOME BURNS**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SARA NEWSOME BURNS, an individual,<br><br>Debtor. | CASE NO. 99-33191-B7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OBJECTING TO DEBTOR'S AMENDED EXEMPTION CLAIM**<br><br>Date: May 30, 2000<br>Time: 11:00 a.m.<br>Dept: Four (4) |

SARA NEWSOME BURNS, the Debtor herein ("Debtor"), respectfully submits the following Memorandum of Points and Authorities in opposition to the motion of creditor Bradley Proulx ("Creditor") objecting to Debtor's amended claim of exemption.

### I.

### INTRODUCTION

Debtor suffers from Hip Dysplasia, which condition was exacerbated by a serious automobile accident she suffered in 1990. As a result, she is permanently and fully disabled, and has been so since 1994. Debtor also suffers from Hepatitis C, and is taking a variety of medications for her conditions, all of which renders her unable to work. See Declaration of Sara N. Burns filed herewith ("Burns Declaration"). Her utilization of the $125,000 Homestead Claim provided by C.C.P. § 704.730(a) ("§ 704.730(a)") is completely appropriate. Creditor's objection based upon the admitted speculation of his counsel is spurious. No evidence, admissible or otherwise, supports Creditor's ridiculous



objection. Creditor's objection must be overruled, and the motion dismissed. Because Creditor has no evidentiary (or factual) basis for his motion, Debtor should not be required to incur the expense of having an evidentiary hearing on the merits, given the utter dearth of support for this motion.

## II.

## FACTUAL STATEMENT

Debtor has resided in her residence located at 4621 & 4623 Kensington Drive in San Diego, California continually since February of 1997. The parties have previously stipulated that the fair market value of the residence as of the petition date (8/13/99) is approximately $300,000.00. The parties have established that the property is subject to a first priority deed of trust lien held by Bank of America in the approximate amount of $140,649.46; and that Western Family Financial Corp. holds the Second Priority Deed of Trust Lien in the approximate amount of $11,529.56. It is undisputed that the next recording in time is the Debtor's declared homestead. Debtor initially claimed a general Homestead Exemption of $50,000; but recently amended that objection to the amount of $125,000, which is permitted by §704.730(a) due to the fact that she is completely and permanently disabled.[1] This amendment was made because Debtor is entitled to it – it was not made in bad faith or in retaliation.[2]

Without the benefit or support of any admissible evidence, Creditor baldly asserts that the amendment the Debtor's Homestead Exemption must be disallowed on the theory that it has been filed "in bad faith". As more fully appears from the Burns Declaration, the Debtor is 42 years of age, was born with Hip Dysplasia, a condition which required surgeries from the time that she was 24 months old to 1994 when she was 36 years old[3]. As a result, she has been qualified as fully disabled from

/ / / / /

/ / / / /

---

[1] See the Declaration of Sara N. Burns filed concurrently herewith (the "Burns Declaration"). Although early in 1999, the Debtor had a remote vestige of hope of returning to the labor market; those hopes have never been relayed and this amendment reflects the Debtor's final reconciliation with this painful reality.

[2] Creditor stains the record with irrelevant and inaccurate mudslinging. Debtor will not take the time to address all of these inaccuracies because they are not relevant to the issue before the Court.

[3] See Burns Declaration paragraph 2, 3 and 7.

67210/AJL/4878.01

1993 (by the State of California[4]) and since 1994 (by the Social Security Administration[5]). At the present time, she is quite unable to obtain any form of gainful employment.[6]

### III.
### DISCUSSION

A.  **The Debtor's amendment to her homestead exemption is Authorized and Proper.**

    1.  A Debtor Is Specifically Authorized to Amend Exemptions and Any Other Schedules Prior to Closing of the Case.

Debtors are recognized to have the right to amend their schedule of exemptions, together with any other schedule, or statement of financial affairs as a matter of course at any time before the case is closed. *See e.g.* Matter of Williamson, supra, at Page 1358. The source of the authority comes from Bankruptcy Rule 1009(a) which provides, in pertinent part, as follows:

> (a) **GENERAL RIGHT TO AMEND.** A voluntary petition, list, schedule, or statement, may be amended by the debtor as a matter of course at any time before the case is closed.

*See also* COLLIER ON BANKRUPTCY (15th Ed. Rev., 1999), Vol. 9, Bankruptcy Rules, ¶ 1009.02, pg. 1009-2. "Thus, for example, before the closing of the case, the debtor may amend the exemption schedule to include property . . . that had been improperly scheduled.[7] The permissive approach to amendments has been construed to give courts no discretion to reject amendments unless the debtor has acted in bad faith or concealed property or the amendment would prejudice creditors.[8] It is recognized in the Ninth Circuit that the purpose of this mandate for liberality in the allowing of amendments to schedules of exemption is intended to enhance the debtor's ability to achieve their fresh start through the bankruptcy process. *See* In re Magallanes, 96 B.R. 253, 256 (9th Circuit BAP 1988), *cited with approval for the same proposition in the holding of* In re

---

[4]  See Burns Declaration at paragraph 4.

[5]  See Burns Declaration at paragraphs 5 and 6.

[6]  See Burns Declaration at paragraphs 8, 9 and 10.

[7]  Citing, Shirkey v. Leake, 715 F.2d 859 (4th Cir. 1983).

[8]  Matter of Williamson, 804 F.2d 1355, 1358 (5th Cir. 1986); In re Doan, 672 F.2d 831 (11th Cir. 1982); In Re: Andermahr 30 B.R. 532, 533 (9th Cir.BAP 1983).

67210/AJL/4878.01

Michael, 163 F.3d, 526, 529 (9th Circuit, 1998). To the extent that there was any doubt as to that liberality in the hearts and minds of rapacious Creditors anywhere within the Ninth Circuit prior to the holding of In re Michael, supra, that ruling should have laid it thoroughly and permanently to rest. That decision, and the authorities it cites with approval make it clear that liberality in permitting such amendments is the light by which the court is to be guided, and that enhancing the pragmatic value of the debtor's fresh start is the overriding purpose of that policy. Id. The Debtor's amendment in this case falls squarely within the ambit of both the guiding light and its purpose.

In determining whether the amendment would prejudice creditors, the appropriate inquire is not whether a creditor will recover less or be adversely affected by the amendment." Id. Instead, a court must determine whether the creditor would be adversely affected because of their detrimental reliance on the original exemption. Id, Here, the ultimate outcome is unimportant. As noted by the Fifth Circuit in the Matter of Williamson, supra, at Page 1358, the standard:

> Focuses on the ultimate outcome of the action rather than the harm to the creditors litigating posture because of some detrimental reliance on the debtor's initial position. Prejudice to the creditors legal or equitable position does not occur merely because an amendment, if properly allowed, permits the debtor to assert a claim that ultimately prevails on the merits [citation omitted].

Here, the creditor in his objection cites no facts or circumstances that constitute "prejudice" as the term is understood as a narrow limitation on the general ability to amend schedules. His unsupported claim must be rejected.

2. **This Debtor Is Clearly Entitled to the Enhanced Homestead Exemption Available to Disabled Persons.**

§ 704.730(a)(3)(B) permits a $125,000 homestead exemption for a person who is "physically or mentally disabled and as a result of that disability is unable to engage in substantial gainful employment. There is a rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under Title XVI of the federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial employment."

The Burns Declaration establishes without question that Debtor is unable to engage in substantial gainful employment. Creditor acknowledges that Debtor is receiving disability insurance

67210/AJL/4878.01

payments. Debtor's debilitating hip disorder was terribly exacerbated by a 1990 traffic accident. Her history of surgeries and her physicians' findings and reports are set forth in her declaration and attached exhibits. Also detailed therein is Debtor's work history. In 1991, Debtor contracted Hepatitis B, which has since evolved into Hepatitis C, further worsening her condition. Debtor is taking a variety of medications for her condition which prevent her from working. In fact, Debtor attempted part time work in early 1999, but found it impossible to continue. Even without the benefit of the presumption of §704.730(a) (which Creditor concedes applies herein), Debtor's declaration establishes beyond question that she is entitled to the $125,000 homestead exemption

As the Creditor concedes at page 3 lines 24-28, of his Memorandum of Points and Authorities dated April 13, 2000 ("Creditors P & A's") there is, under the very statute creating this exemption, a *"rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under title II or supplemental security income payments under Title XXVI of the Federal Social Security Act satisfies the requirements.... as to his or her inability to engage in substantial gainful employment"* (Cal. Code of Civil Procedure (C.C.P) § 704.730). Having litigated with this Debtor in the State Court action which resulted in Creditor's Judgment, the Creditor is well aware that this Debtor receives this kind of Social Security Disability payments which trigger this presumption. Despite that fact, there is no evidence proffered by the Creditor to create a prima facie showing that the Debtor is capable of gainful employment, and thus ineligible for the enhanced homestead exemption. On close scrutiny, the Creditors P & A's, and the supporting "Declaration" prove to be nothing more than bluster and "wish think". Certainly there is no evidence advanced to meet the burden of proof created under the exemption statute itself.

B. <u>The Creditor has shown no "bad faith" in connection with the subject amendment.</u>

As with the challenge to her disability the Creditors claim that the Debtor's not proceeding in good faith is unsupported by evidence of any kind. (See Creditor's P & A's page 5 lines 7-19). Here the deficiency is fatal. When a Creditor urges "bad faith"as a bar to the amendment of a Debtor's claims of exemption, they embark on an undertaking which imposes upon them the highest standard of proof applicable to a civil case- clear and convincing evidence. The Bankruptcy Appellate Panel

for the Ninth Circuit indicated in <u>In re: Magallanes</u>, supra, at page 256 that:

> "a mere allegation of bad faith, though, is insufficient; bad faith *must be established by clear and convincing evidence*" (emphasis added, citation omitted).

This objection not only fails to hit the mark, it doesn't even come close. Not one scintilla of evidence is advanced that would support a finding of bad faith. Certainly it can not be said that the Creditor has met the heavy burden of establishing "bad faith" by clear and convincing evidence. Accordingly, this groundless objection should be overruled without delay.

### C. **Creditor's objection is frivolous harassment, and is a bad faith attempt to force Debtor to incur unnecessary costs to pressure her into capitulation.**

Creditor acknowledges Debtor is entitled to the presumption of § 704.730(a)(3)(B) because she is receiving disability payments. Creditor offers no evidence to rebut this presumption. Creditor argues the four following grounds exist to support the objection:

- His judgment "involves Debtor's employment;
- Debtor testified that she works;
- Debtor is still working as a bookkeeper; and
- Debtor is employable as a bookkeeper.

All of these grounds are spurious and irrelevant.

At the outset, none of these grounds are supported by admissible evidence. See Debtor's "Evidentiary Objections to Declaration of Bryan D. Sampson in Support of Motion Objecting to Debtor's Amended Exemption Claim", filed herewith and incorporated herein. The question presented is whether Debtor is currently "unable to engage in substantial gainful employment." § 704.730(a)(3)(B). It is absolutely irrelevant that the judgment was based upon employment, that significantly predates this case and the exemption. These arguments are ridiculous.[9]

Furthermore, no evidence is provided which supports the other two contentions - that Debtor is currently working, or that she is employable. Beyond the statutes presumption of C.C.P. § 704.730(B), the Debtor's evidence of her inability "to engage in substantial gainful employment" is

---

[9] Creditor relies on a transcript of testimony which is not authenticated as to time, date or location. All that unidentified testimony establishes is that Debtor has been employed in the past.

67210/AJL/4878.01

so overwhelming that Creditor should not be given any additional time to engage in a forensic "snipe hunt" to locate supposed evidence in support of his motion. This objection should be summarily overruled without any further proceedings, so that Debtor is not forced to incur further needless expenses in opposing it at a formal hearing.

## IV.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court overrule Creditor's objection and dismiss this motion summarily.

Dated: 5-1-00

ROBBINS & KEEHN
A Professional Corporation

By: _____
L. Scott Keehn
Lisa L. Keehn
Attorneys for Debtor
Sara Newsome Burns