1  L. Scott Keehn (SBN 61691)
   Lisa L. Keehn (SBN 167696)
2  **ROBBINS & KEEHN APC**
   530 B Street, Suite 2400
3  San Diego, CA 92101
   Telephone: (619) 232-1700
4
5  Attorneys for Debtor
   **SARA NEWSOME BURNS**
6



7
8              UNITED STATES BANKRUPTCY COURT
9              SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | In Re: | CASE NO. 99-33191-B7 |
| 11 | SARA NEWSOME BURNS, an individual, | EVIDENTIARY OBJECTIONS TO DECLARATION OF BRYAN D. SAMPSON IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S AMENDED EXEMPTION CLAIM |
| 12 | Debtor. | |
| 13 | | |
| 14 | | |
| 15 | | Date: May 30, 2000<br>Time: 11:00 a.m.<br>Dept: Four (4) |
| 16 | | |
| 17 | | The Honorable Peter W. Bowie |
| 18 | | |

19  TO:   HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE:

20      Ms. Sara Newsome Burns, the Debtor herein, respectfully submits the following

21  evidentiary objections and hereby moves to strike all inadmissible evidence proffered by Creditor

22  Bradley Proulx in the "Declaration of Bryan D. Sampson in Support of Motion Objecting to

23  Debtor's Amended Exemption Claim" (the "Sampson Declaration"):

24  / / / / /
25  / / / / /
26  / / / / /
27  / / / / /
28  / / / / /

**ORIGINAL**

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

67204/LFK/4878.01

1.  **Sampson Declaration, page 2, lines 5 through 9:**

    ### TESTIMONY

    In the initial transaction between the parties, Creditor and Debtor entered into a 30% contingent fee contract wherein Creditor agreed to provide investigative services to Debtor to assist Debtor with a "*whistle blower*" claim she made against her employer.

    ### OBJECTIONS

    Lack of foundation; lack of personal knowledge. FRE Rules 104 and 602.

2.  **Sampson Declaration, page 2, lines 10 through 12:**

    ### TESTIMONY

    As a result of Creditor's services, Debtor prevailed in a *qui tam* action and was awarded $580,000. Unfortunately, she refused to pay anything to Creditor.

    ### OBJECTIONS

    Lack of foundation; lack of personal knowledge. FRE Rules 104 and 602.

3.  **Sampson Declaration, page 2, lines 20 through 23:**

    ### TESTIMONY

    Instead, she attempted to receive payment from her federal *qui tam* claim without notice to Creditor by asking the government to expedite the final payment due in July to January of that year.

    ### OBJECTIONS

    Lack of foundation; lack of personal knowledge. FRE Rules 104 and 602.

4.  **Sampson Declaration, page 2, lines 26 through 27:**

    ### TESTIMONY

    The government counsel informed me at that time of Debtor's repeated, frantic calls for early payment.

    ### OBJECTION

    Hearsay. FRE Rules 802 and 805.

/ / / / /
/ / / / /
/ / / / /
/ / / / /

67204/LFK/4878.01

5. **Sampson Declaration, page 3, lines 1 through 2:**

**TESTIMONY**

Next, she filed a Chapter 13 Bankruptcy action to avoid the state court actions.

**OBJECTIONS**

Relevance; lack of foundation; speculation; lack of personal knowledge. This statement does not tend to prove or disprove any material fact at issue in the Debtor's exemption claim. FRE Rules 401 and 402. Moreover, Mr. Sampson has not laid an appropriate foundation to establish his personal knowledge of the Debtor's motivations for seeking relief under Chapter 13 of the Bankruptcy Code. FRE Rules 104 and 602.

6. **Sampson Declaration, page 3, lines 2 through 8:**

**TESTIMONY**

In the Chapter 13 action, upon my request, the Court froze approximately $150,000 in cash (subject to Creditor's State Court liens) held by the Debtor which she initially did not disclose to the Court. In fact the monies are still frozen pursuant to that Order. Ultimately, the Chapter 13 was dismissed because Debtor did not qualify due to too many unsecured creditor claims.

**OBJECTIONS**

Relevance; lack of foundation. FRE Rules 104, 401 and 402.

7. **Sampson Declaration, page 3, lines 9 through 10:**

**TESTIMONY**

Debtor filed this Chapter 7 apparently to avoid Creditor's claim.

**OBJECTIONS**

Relevance; lack of foundation; speculation; lack of personal knowledge. FRE Rules 104, 401, 402 and 602.

8. **Sampson Declaration, page 3, lines 10 through 14:**

**TESTIMONY**

In the process, she objected to Creditor's lien on her house and overstated amounts of two lien holders. Creditor opposed the Objection and, after receiving discovery from Debtor on the August 1999 lender statement, reduced the priority liens.

/ / / / /

/ / / / /

- 3 -

67204/LFK/4878.01

**OBJECTIONS**

Relevance; lack of foundation; speculation; lack of personal knowledge. These statements do not tend to prove or disprove any material fact at issue in the Debtor's exemption claim. FRE Rules 401 and 402. In addition, Mr. Sampson has not laid an appropriate foundation to establish his knowledge regarding the alleged "overstated amounts of two lien holders." FRE Rules 104 and 602.

9.   **Sampson Declaration, page 3, lines 18 through 24:**

**TESTIMONY**

I am informed and believe and thereon allege based upon my reasonable investigation, that Debtor is not "*disabled*", under State and Federal law, because:
- The Judgment involves her employment (Exhibit "1");
- She admits in her deposition she works (Exhibit "3");
- She is still working as a bookkeeper; and
- She is employable as a bookkeeper.

**OBJECTIONS**

Lack of foundation; speculation. Mr. Sampson himself acknowledges that these assertions are not supported by the appropriate foundation when he admits that the allegations are based merely on his subjective "belief." This lack of sufficient foundation makes all of the statements unreliable and inadmissible. FRE Rules 104 and 602.

10.   **Sampson Declaration, page 4, lines 1 through 3:**

**TESTIMONY**

Debtor Burns has a history of being employed as a bookkeeper. She admitted to performing bookkeeper services in her deposition in the state court action.

**OBJECTIONS**

Relevance; lack of foundation; lack of personal knowledge. These statements are vague as to the precise time period which Mr. Sampson is referring to, and therefore the assertions do not tend to prove or disprove any material fact at issue in the present action. FRE Rules 401 and 402. Moreover, Mr. Sampson has not laid a sufficient foundation to support his claimed knowledge regarding Ms. Burns' professional history. FRE Rule 104 and 602.

/ / / / /

/ / / / /

-4-

**11.** <u>**Sampson Declaration, page 4, lines 3 through 7:**</u>

### TESTIMONY

Moreover, I am informed and believe and thereon allege that she has continued providing bookkeeper services to various medical facilities after that date and through the date of petition in this action.

### OBJECTIONS

Lack of foundation; speculation; lack of personal knowledge. Mr. Sampson admits that he does not have sufficient knowledge to establish the appropriate foundation for his assertions regarding the past and present status of Ms. Burns' professional endeavors. FRE Rules 104 and 602.

**12.** <u>**Sampson Declaration, page 4, lines 8 through 23:**</u>

### TESTIMONY

Unfortunately, Creditor cannot produce documentary evidence proving Debtor was working under the very short time line required after the amended schedules (30 days) until subpoena responses are provided by third parties. Therefore, creditor requests the court allow it to submit the documentary evidence at or before the hearing on this matter because:
(1) Debtor refused to provide a two week extension to Creditor, despite my reasonable request, to allow time to complete this discovery;
(2) Debtor would not be harmed by any such extension because she already provided an extension to the Trustee until May 31, 2000 for similar objections and a two week extension would still preserve the May 30 hearing date;
(3) The court already indicated to both parties at the last hearing 10:30 a.m. on Monday April 10, 2000, that an extension may be needed to allow discovery.

### OBJECTION

Relevance. Mr. Sampson's request to the Court does not tend to prove or disprove any material fact at issue in the present action, and is inappropriate in the context of this Declaration. FRE Rules 401 and 402.

**13.** <u>**Sampson Declaration, page 4, lines 24 through 27:**</u>

### TESTIMONY

Debtor failed to disclose $150,000 held by her attorney for her in her Chapter 13 petition. It was not disclosed until I filed an emergency motion to freeze those funds based upon Creditor's lien rights.

/ / / / /

/ / / / /

/ / / / /

- 5 -

**OBJECTIONS**

Relevance. These assertions do not tend to prove or disprove any material fact at issue in the present action. FRE Rules 401 and 402. Although the Debtor hotly contests the truth of the proffered statements, for the narrow purpose of these objections, Debtor would simply point out that the fund of $150,000 which the Debtor voluntarily sequestered is neither the subject of any claim of exemption, nor any other issue now before the Court.

14.  **Sampson Declaration, page 5, lines 1 through 4:**

**TESTIMONY**

Curiously, in the Chapter 7 Bankruptcy, Debtor amended her exemption claim only after she was caught listing over-stated lien amounts by several thousand dollars on two priority voluntary lien holder claims (the 1st and 2nd Trust Deeds).

**OBJECTION**

Relevance; lack of foundation; speculation; lack of personal knowledge. These assertions do not tend to prove or disprove any material fact at issue in the present action. FRE Rules 401 and 402. Moreover, Mr. Sampson does not provide an appropriate foundation which would establish his personal knowledge regarding the underlying rationale of Ms. Burns' decision to amend her exemption claim. FRE Rules 104 and 602.

Dated: 5-/-00

ROBBINS & KEEHN
A Professional Corporation

By: _____
L. Scott Keehn
Lisa L. Keehn
Attorneys for Debtor Sara N. Burns

67204/LFK/4878.01